UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE VERIZON EMPLOYEE BENEFITS COMMITTEE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3: 06-CV-1539-B |
| CHRISTINE BOYER f/k/a CHRISTINE ANDERSON, | § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff The Verizon Employee Benefits Committee's (the "Committee") motion to dismiss Defendant's counterclaim (doc. 28), filed May 1, 2007. The Court **GRANTS** the motion for the reasons explained below.

### I. Factual/Procedural Background[1]

Defendant/Counter-Plaintiff Christine Boyer is a former 28-year employee of Verizon Communications, Inc. and/or its predecessor companies ("Verizon"). (Compl. at ¶ 5). Boyer participated in the Verizon Pension Plan program. (Boyer Countercl. at ¶ 2). In 1994 she left Verizon to work for AT&T, for whom she continues to work today. (Compl. at ¶ 5). Verizon alleges that in March 1999 Boyer "ported" her years of service with Verizon to AT&T, which resulted in the transfer of her pension benefits and assets from a Verizon plan to an AT&T pension plan. (*Id.* at ¶ 6). Verizon further alleges that after porting her service to the AT&T

---

[1] Boyer provides little facts in her counterclaim, thus the background facts are derived from Plaintiff's First Amended Complaint and on undisputed facts gleaned from the parties' court papers.

1

plan, Boyer was no longer eligible to receive a pension benefit from the Verizon plan. (*Id.* at ¶ 7). Nevertheless, in September 2003 Boyer requested a retirement kit from the Verizon plan. (*Id.* at 7). Due to an administrative error on Verizon's part, Boyer received a $323,160.45 lump-sum distribution from the plan in December 2003. (*Id.*). Later realizing its error, Verizon asked Boyer to return the overpayment. (*Id.* at ¶ 9). Boyer's refusal to return the funds prompted the Committee to file this suit to recover them under the Employment Retirement Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3).

The Committee filed its complaint on August 24, 2006 and an amended complaint on October 17, 2006. On March 16, 2007, Boyer filed her answer along with a purported class action counterclaim against the Committee as well as a third party complaint against Godwin, Pappas, Langley, Ronquillo, LLP ("Godwin"), the law firm acting on behalf of the Committee and attempting to collect funds.[2]  In her counterclaim Boyer alleges that the Committee violated the Federal Debt Collections Practices Act ("FDCPA") by filing this lawsuit and others like it against herself and others similarly situated in a district other than that in which she and the purported class members reside. (Countercl. at ¶¶ 6-7). On May 1, 2007, the Committee moved to dismiss Boyer's counterclaim for failure to state a claim on the ground that 1) the Committee is not a "debt collector" under the FDCPA, 2) ERISA's mandatory venue provisions take precedence over the restrictions set forth in the FDCPA, and 3) Boyer is judicially estopped from contesting venue on the Committee's underlying ERISA claim. Boyer did not file a response brief. Her time for doing so having passed, the Committee's motion is now ripe for adjudication.

---

[2]To date, it does not appear that Boyer has served Godwin, the third-party defendant.

## II. Analysis

### A. Legal Standard

The Committee moves to dismiss Boyer's counterclaim and third party complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The Court liberally construes the allegations in a counterclaim in favor of the counter-claimant, and all pleaded facts are taken as true. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). The Court need not accept conclusory allegations as true, however. *See Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Unless it appears beyond doubt that the counter-claimant cannot prove any set of facts entitling it to relief, the counterclaim should not be dismissed. *Conley v. Gibson*, 355 U.S. 42, 45 (1957).

### B. Is the Committee a "Debt Collector" Pursuant to 15 U.S.C. § 1692(a)(6)?

The FDCPA is intended to "eliminate abusive debt collection practices by debt collectors . . . and to . . . protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Under the statute's venue provision, a debt collector who files suit against any consumer must bring the action in the judicial district where the consumer signed the contract sued upon or in which the consumer resides at the time the action is brought. 15 U.S.C. § 1692i(a). By its terms, the venue provision applies only to actions instituted by "debt collectors." *See Scott v. Jones*, 964 F.2d 314, 316 (4th Cir. 1992); *Firemen's Ins. Co. v. Keating*, 753 F. Supp. 1137, 1141 (S.D.N.Y. 1990). The FDCPA defines a "debt collector" as "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §

3

1692a(6). Creditors who collect debts in their own name and whose principal business is not debt collecting are not subject to the Act. *Aubert v. Am. Gen. Fin., Inc.,* 137 F.3d 976, 978 (7th Cir. 1998). Moreover, the FDCPA specifically exempts any person collecting debts "incidental to a bona fide fiduciary obligation." 15 U.S.C. § 1692a(6)(F).

In her counterclaim, Boyer simply makes the conclusory allegation that the Committee is a "debt collector" within the meaning of the FDCPA without alleging any supporting facts. (Countercl. at ¶ 5). Boyer does not allege, for example, that the Committee is an entity that regularly collects or attempts to collect debt. Rather, it appears that the Committee is simply attempting to collect a debt allegedly owed by Boyer to the Verizon plan, to which the Committee owes fiduciary duties. In short, Boyer's conclusory allegation that the Committee is a "debt collector" is insufficient to withstand the Committee's motion to dismiss. *See Benson v. Hafif*, 114 F.3d 1193, 1997 WL 268337, at *3 (9th Cir. May 15, 1997) (dismissing FDCPA claims on Rule 12(b)(6) grounds where law firm was collecting a debt on its own behalf notwithstanding Plaintiff's conclusory allegations to the contrary); *Showalter v. Chase Manhattan/Providian*, 2005 WL 2000943, at *2-3 (N.D. Cal. Aug. 19, 2005) (dismissing FDCPA claim where Plaintiff merely stated that defendant was a debt collector without alleging "a single fact in the complaint to support such an allegation."); *cf. Molloy v. Primus Auto. Fin. Servs.*, 247 B.R. 804, 821 (Bankr. C.D. Cal. 2000) (finding that plaintiff's allegation that defendant is a debt collector under the FDCPA was not merely a conclusory legal allegation where plaintiff had also alleged that the defendant "is in the business of . . . collecting monies.").

### III. Conclusion

For the reasons stated above, the Court GRANTS the Committee's motion to dismiss

Boyer's counterclaim. Boyer's counterclaim under the FDCPA asserted against the Committee is accordingly DISMISSED with prejudice.

**SO ORDERED.**

**SIGNED JULY 23, 2007.**

                                                _____
                                                JANE J. BOYLE
                                                UNITED STATES DISTRICT JUDGE